UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 14-cr-576 |
| v. ) | |
| ) | Judge John W. Darrah |
| JAMES A. HARRISON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant James Harrison filed a Motion to Dismiss Count II of the superseding indictment against him [37], claiming that the charging statute, 18 U.S.C. § 912, is an unconstitutional content-based regulation, facially overboard, and/or unconstitutionally vague. Defendant also argues that Count II is legally deficient because it fails to provide adequate notice as to the crime with which Defendant has been charged. For the following reasons, Defendant's Motion [37] is denied.

## BACKGROUND

Defendant was initially charged with one count of impersonating an officer of the United States Marshal Service, and in such pretended character, demanding a thing of value – in this case, employment. Defendant was charged by superseding indictment with two counts of impersonating a United States Marshal in violation of 18 U.S.C. § 912. Count II of the superseding indictment alleges that, from January 24, 2014, until February 11, 2014, Defendant falsely assumed and pretended to be an officer and employee acting under the authority of the United States Marshal's Service (USMS) and acted as such.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment provide: "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). When determining whether an indictment is sufficient, the court must assume that all alleged facts are true and "view all facts in the light most favorable to the government." *United States v. Yashar,* 166 F.3d 873, 880 (7th Cir.1999). This standard is "stringent," and "a court should dismiss only if the Government's inability to produce sufficient evidence so convincingly appears on the face of the indictment...." *United States v. Sorich,* 427 F.Supp.2d 820, 830 (N.D.Ill. 2006). In an indictment based on a statute, it is not sufficient to set forth the offense in the words of the statute, unless those words fully, directly, and expressly, without any ambiguity, set forth all the elements necessary for the offense. *Russell v. United States*, 369 U.S. 749, 765 (1962) (citing *U.S. v. Carll*, 105 U.S. 611, 612, (1881)).

Defendant is charged with violating 18 U.S.C. § 912, which states:

> Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined under this title or imprisoned not more than three years, or both.

18 U.S.C. § 912.

## ANALYSIS

Defendant moves to dismiss Count II of the superseding indictment, which charges him with falsely assuming or pretending to be "an officer or employee acting under the authority of the United States or any department, agency or officer thereof" and "acting as such". Defendant makes three arguments in support of his Motion. Defendant argues: (1) that 18 U.S.C. § 912's

prohibition on acting as a federal agent is unconstitutional because it is a content-based restriction on false speech without accompanying harm; (2) that 18 U.S.C. § 912 is facially overbroad in violation of the First Amendment; and (3) that 18 U.S.C. § 912 is unconstitutionally vague under the First and Fifth Amendments. Defendant cites to *United States v. Alvarez*, 132 S. Ct. 2537 (2012), to support his argument that a statute that criminalizes false speech violates the First Amendment and that the government can criminalize false speech only if it is accompanied by some other legally cognizable harm.

*Restriction on False Speech*

In *Alvarez,* the Supreme Court noted that statutes that prohibit false speech in order to "protect the integrity of Government processes" and "maintain the general good repute and dignity of government service itself" are permissible restrictions on free speech. *Alvarez*, 132 S. Ct. at 2546 (internal quotation marks and ellipses omitted). While *Alvarez* addressed the constitutionality of the Stolen Valor Act under the First Amendment and not 18 U.S.C. § 912, the plurality opinion specifically named 18 U.S.C. § 912 as an example of a statute that constitutes a permissible restriction on free speech. *Id.*

Although the Seventh Circuit has not yet analyzed whether 18 U.S.C. § 912 is an impermissible restriction under the First Amendment, courts of appeals that have addressed this issue have declined to extend the holding in *Alvarez*, upholding the constitutionality of Section 912. *United States v. Tomsha-Miguel*, 766 F.3d 1041 (9th Cir. 2014); *United States v. Chappell*, 691 F.3d 388, 392 (4th Cir. 2012). The statute states, "[w]hoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, *and acts as such*." 18 U.S.C. § 912 (emphasis added). The Ninth

Circuit held in *Tomsha-Miguel* that "§ 912 criminalizes conduct with 'an expressive element,' as distinct from pure speech." *Tomsha-Miguel*, 766 F.3d at 1048.[1] By its terms, the statute regulates expressive conduct, and not speech alone.

When reviewing a regulation of expressive conduct, the Supreme Court and the Seventh Circuit apply intermediate scrutiny to determine the constitutionality of the statute. *See Texas v. Johnson*, 491 U.S. 397, 406 (1989); *see also Ben's Bar, Inc. v. Vill. of Somerset*, 316 F.3d 702, 723 (7th Cir. 2003). Under intermediate scrutiny, a government regulation "is sufficiently justified" if it "is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest." *United States v. O'Brien,* 391 U.S. 367, 377 (1968).

As held in *Alvarez*, it is within the constitutional power of the government to prohibit the impersonation of federal officials and employees in order to protect the integrity of government processes and maintain the reputation of government services. Further, the protection of the integrity of government processes does not suppress free expression because the statute does not limit one particular viewpoint. As discussed below, the statute is neither overbroad or vague, thus its restriction on free speech is limited only to the extent necessary to further the

---

[1] Defendant notes that a recent Ninth Circuit case, *United States v. Swisher*, 811 F.3d 299 (9th. Cir. 2016), overruled *United States v. Perelman*, 695 F.3d 866 (9th Cir. 2012), a case on which *Tomsha-Miguel* relies. However, to the extent that the Ninth Circuit's decision in *Tomsha-Miguel* does not rely on *Perelman*, the reasoning is persuasive. As noted above, the Supreme Court and the Seventh Circuit apply intermediate scrutiny when reviewing expressive conduct.

government's interest.   Therefore, 18 U.S.C. § 912 is sufficient under intermediate scrutiny and is constitutional.

*Facially Overbroad*

To succeed in a typical facial attack, the movant has to establish that no set of circumstances exists under which the statute would be valid.  "In the First Amendment context, however, this Court recognizes 'a second type of facial challenge,' whereby a law may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'"  *United States v. Stevens*, 559 U.S. 460, 473 (2010).  Defendant argues that the "acts as such" offense is unconstitutionally overbroad because it does not provide necessary limitation required by the First Amendment and because it does not include a heightened *mens rea* requirement.

Defendant reasons that because the statute does not restrict "acts as such" to "acting as such as part of fraud or speech integral to crime," it does not provide a meaningful limitation on the false speech.  Therefore, the statute opens up any act taken while impersonating an officer to a possible "acts as such" prosecution.  The Seventh Circuit has held that the "acts as such" language in 18 U.S.C. § 912 "has been construed to mean acting in the pretended character, and not necessarily doing an act which defendant would have been authorized to do under authority of the assumed capacity."  *United States v. Hamilton*, 276 F.2d 96, 98 (7th Cir. 1960).  In *Hamilton*, the defendant wore firearms in a person's home while pretending to be an F.B.I. agent, an act that was "in keeping with his pretended character."  This interpretation specifically limits the reach of the statute to actions that are consistent with the pretended role or "conduct with an expressive element," not simply speech.  18 U.S.C. § 912 criminalizes overt acts that are in

5

service of creating the illusion or impersonation, not just any act taken by Defendant. *United States v. Rippee*, 961 F.2d 677, 678 (7th Cir. 1992) (holding that § 912 criminalizes "false impersonation of a federal official coupled with an overt act in conformity with the pretense").

Defendant relies on *Alvarez* to support its argument that the statute is unconstitutionally overbroad because there is no intent to defraud element in the statute, and thus, a heightened *mens rea* requirement is required to limit the statute's reach. However, nothing in the Supreme Court's holding in *Alvarez* requires an "intent to defraud" *mens rea* requirement to find that a statute involving fraud is a permissible restriction on speech. Nor does *Alvarez* hold that a *mens rea* requirement is necessary to "save a fraud statute criminalizing false speech from a First Amendment challenge." (Dkt. 37 at 11.) Thus, 18 U.S.C. § 912 is not unconstitutionally overbroad.

*Unconstitutionally Vague*

A statute is void for vagueness under the Fifth Amendment "if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or "if it authorizes or even encourages arbitrary and discriminatory enforcement." *Johnson v. United States*, 135 S. Ct. 2551, 2566 (2015). Defendant reiterates his argument that 18 U.S.C. § 912 is unconstitutionally vague because it "criminalizes far more than the First Amendment permits" and "the narrowing constructions are not evident in the statute itself." (Dkt. 44.) This argument is unpersuasive. "[S]peculation about possible vagueness in hypothetical situations not before the Court will not support a facial attack on a statute when it is surely valid 'in the vast majority of its intended applications.'" *Hill v. Colorado*, 530 U.S. 703, 733 (2000) (quoting *United States v. Raines*, 362 U.S. 17, 23 (1960). Defendant cites to "multiple circuit splits" over

what this statute prohibits and whether it requires an intent to defraud. However, as noted by the Ninth Circuit in *Tomsha-Miguel*, the "majority of our sister circuits have also held that the government need not establish an intent to defraud as a separate element of a § 912 offense." *Tomsha-Miguel*, 766 F.3d at 1050. A review of courts interpreting this statute does not reveal the type of confusion Defendant claims is evidence of the statute's vagueness. Defendant cites to no specific legal authority that supports his position that the "acts as such" element of the statute is unconstitutionally vague.

*Sufficiency of the Indictment*

An indictment is sufficient if it: "(1) states the elements of the offense charged; (2) fairly informs the defendant of the nature of the charge so that he may prepare a defense; and (3) enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense." *United States v. Ramsey,* 406 F.3d 426, 429-30 (7th Cir. 2005). "[I]t is generally acceptable for the indictment to 'track' the words of the statute itself, so long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000). Defendant argues that the indictment omits any facts relating to the "acts as such" element in Count II of the superseding indictment and does not sufficiently inform him of the "precise charge he must meet." Again, the "acts as such" element of the statute is sufficient to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. The superseding indictment includes the crime, the dates and place the crime occurred, the name of the agency with whom Defendant claimed to be employed, and the "thing of value" he demanded while in pretended character.

These particulars are sufficient to inform Defendant of the nature of the charge.   Thus, the indictment is legally sufficient.

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss Count Two of the Superseding Indictment [37] is denied.

Date:     March 8, 2016                                             
JOHN W. DARRAH
United States District Court Judge